IN THE SUPERIOR COURT
OF GUAM



KISHORE HEMLANI and JOHN DOES 1-15,)

      Petitioners,

  vs.

REKHA HEMLANI and The ESTATE of
MOTI HEMLANI,

      Respondents. )

Civil Case no. CV1210-11

**DECISION AND ORDER**
re: Motion to Dismiss the Complaint or in
the Alternative Summary Judgment

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on March 20, 2012. Petitioners are represented by Attorney Thomas J. Fisher. Respondents are represented by Attorney Daniel J. Berman. After considering the matters presented, the Court issues the following decision and order dismissing the instant action without prejudice because the parties are currently litigating a case before Judge Barcinas that is based on the same or similar allegations and transactions in this case.

## BACKGROUND

This matter arises out of a petition for declaratory relief filed by Petitioner Kishore Hemlani ("Kishore") on August 2, 2011. The petition alleges that in 1990 Kishore received a loan from Respondents for approximately $5,000.00. The loan and subsequent amounts were allegedly borrowed for personal, family and household use. Kishore alleges the terms of the loan required a 1.334% per month with an annual percentage rate of 16.02%, and during the loan period Kishore paid interest on the loan at various rates all above 10%. The Petition further claims that the interest payments total $598,197.00.

The petition also asserts that in 1969 Petitioner Does received loans from Respondents in amounts to be proven at trial. The loan and subsequent amounts were allegedly borrowed for

personal, family and household use. During the loan period Petitioner Does allegedly paid interest on the loan at various rates all above 10%. Petitioners also assert that at no time relevant to this petition were Respondents a supervised financial organization nor had they first obtained a license authorizing them to make regulated loans.

Petitioners request the Court to (1) declare the loans void and that Petitioners are not obligated to pay either the principal or the interest; (2) find that so much of the principal and the interest have been paid to Respondents or their heirs; (3) require the Respondents to pay interest on amounts they wrongfully received calculated at 6% per annum and according to law; (4) return the promissory notes to them; and (5) award them attorney's fees.

## DISCUSSION

The Court however recognizes that the instant parties are currently litigating a case before Judge Barcinas that is based on the same or similar allegations and transactions. In CV1980-10 Rekha Hemlani filed a complaint alleging that on December 1, 2009, Kishore executed a Promissory Note in favor of Rekha in the amount of $270,000.00 with interest at an annual rate of 16% of the amount financed. The complaint further alleges that Kishore failed to make payments and as a result owes Rekha for breach of contract.

In the instant case, the petition alleges that on December 1, 2009, Kishore renewed the loan, as described above, and executed the last of the promissory notes. Because the date of the loan in both cases is December 1, 2009, it is evident that the loan at issue in CV1980-10 is also at issue in this case. The Court finds therefore that the cause of action in this case is a compulsory counterclaim in the case before Judge Barcinas because it arises out of the transaction that is the subject matter of the Rekha's claim in CV1980-10.

Because Kishore can have adequate relief by filing a counterclaim in CV1980-10, the Court finds that dismissal of this action is appropriate. The Court does not want to waste

judicial resources by having two judges in the same Court deciding the same issues against the same parties. To protect parties from harassment, vexation, and annoyance by having to defend several suits on the same cause of actions at the same time, Courts have abated a later-filed suit. *Mutual Life Ins. Co. of NY. v. U.S.*, 96 U.S. 588, 592 (1877); *In re Lasserot*, 240 F. 325, 327 (9th Cir. 1917). Abatement can be either by stay or dismissal because "pending the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery." *Dilard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1159 (5th Cir. 1992)(quoting *ACF Indus. v. Guinn*, 384 F.2d 15, 19 (5th Cir.1967), *cert. denied*, 390 U.S. 949 (1968)).

Based on the foregoing, DISMISSAL without prejudice of the petitioners' claims is appropriate.

SO ORDERED, this _10_ day of _July_ 2012.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUL 1 0 2012

James R. Borja
Deputy Clerk, Superior Court of Guam